UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NATIONAL CITY COMMERCIAL CAPITAL
COMPANY, LLC,

                Plaintiff,

      -against-

GLOBAL GOLF, INC and NEAL TRABICH,

                Defendants.
----------------------------------------------------------------X

ORDER
09-CV-0307 (JFB)(AKT)

JOSEPH F. BIANCO, District Judge:

On January 23, 2009, plaintiff filed the complaint in this action. The complaint alleges that plaintiff entered into a Master Lease Agreement, dated April 21, 2003, with Global Golf, Inc. Pursuant to the Master Lease Agreement, the parties entered into six separate lease schedules, some of which were guaranteed by defendant Trabich. The complaint alleges that Global Golf, Inc. defaulted on these schedules between May 15 and July 15, 2008. In addition to alleging breach of contract claims, the complaint alleges, in the alternative, claims for estoppel, unjust enrichment, and conversion.

On April 17, 2009, defendants filed a motion to dismiss plaintiff's claims for estoppel, unjust enrichment and intentional conversion of property, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants contend that, because "this action clearly sounds in contract," plaintiff's claims of unjust enrichment, quasi-contract and tort must be dismissed. (Defendants' Memorandum of Law, at 3.) As set forth below, the Court concludes that there is no basis to dismiss these claims at this juncture because they assert plausible alternative theories of liability

1

that survive a motion to dismiss.

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Court recognizes that, as to plaintiff's quasi-contract claim, it may only be asserted in the absence of an agreement between the parties – be it oral, written or implied-in-fact. *See, e.g., Beth Israel Med. Ctr. V. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (citing *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572 (N.Y. 2005)). Therefore, if this Court were to find, at a later stage of this litigation, that a "valid and enforceable" agreement governed the subject matter at issue in plaintiff's quasi-contract claim, such a claim would be barred, at least to the extent the quasi-contract claim sought recovery for benefits conferred upon defendant during the pendency of an agreement between the parties. *Id.* However, at this stage of the case, there is no basis to conclude that such claims should be dismissed as a matter of law. Although defendants assert that they will not dispute the existence of a contract with respect to this dispute, defendants have not even filed an answer yet and it is unclear whether the written contract will foreclose other alternative quasi-contract theories of

2

liability asserted by plaintiff. Similarly, there is no basis to conclude as a matter of law at this juncture that claims of conversion or equitable estoppel must necessarily fail. In short, the claims satisfy Rule 8 and survive a motion to dismiss. *See* Fed. R. Civ. P. 8(d); *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 663 (2d Cir. 1996) ("Counts Two and Three for quantum meruit and unjust enrichment were quite properly subsumed by the district court into a single count for restitution, and were properly pleaded as such in the alternative to the contractual claim of Count One.") (citations omitted); *Randolph Equities, LLC v. Carbon Capital, Inc.*, 2007 WL 914234, at *6 (S.D.N.Y. 2007) ("A plaintiff is not barred from pleading both a contract claim, and in the alternative, a quasi-contract or equitable estoppel claim."); *Knudsen v. Quebecor Printing (U.S.A.) Inc.*, 792 F. Supp. 234, 237 (S.D.N.Y. 1992) (finding Rule 8(d)(2) to "permit plaintiffs to sue on a contract and at the same time alternatively repudiate the agreement and seek recovery on a quantum meruit claim"); *Seiden Assoc., Inc. v. ANC Holdings, Inc.*, 754 F. Supp. 37, 39-40 (S.D.N.Y. 1991) ("Both Fed. R. Civ P. 8(e)(2) and the pleading rules of New York State law permit the pleading of contradictory claims alleging both breach of a contract or, in the alternative, a quasi contract. Dismissal of plaintiff's alternative theories at this stage would violate the liberal policy of Rule 8(e)(2) which allows plaintiffs wide 'latitude' in framing their right to recover.") (internal citations omitted).[1]

Of course, following discovery, defendants will be given an opportunity to bring a

---

[1] To the extent that Ohio law may apply to claims in this lawsuit, Ohio law is consistent with New York law on this issue. *See, e.g., Firelands Regional Med. Ctr. v. Jeavons*, No. E-07-068, 2008 WL 4408600, at *5 (Ohio App. Sept. 30, 2008) ("In the present case, appellant acknowledges that she has asserted claims for both breach of an express contract and breach of an implied contract, or unjust enrichment. We agree with appellant that the unjust enrichment claim was permissible as an alternative claim.").

3

summary judgment motion on these and any other claims, if they believe the circumstances warrant such a motion.

For the reasons set forth above, the defendants' motion to dismiss is denied in its entirety and the parties shall proceed with discovery under the direction of Magistrate Judge Tomlinson.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: May 20, 2009
　　　　Central Islip, New York